PER CURIAM
This is an appeal from a final judgment in which the jury found appellant to be grossly negligent when he ran over a co-worker in the employer’s truck. While appellant contends the facts do not reach the level of gross negligence, we are unable to say it was error to leave the issue with the jury.
Although appellant was not entitled to a directed verdict and subsequent motions on the issue of gross negligence, he is entitled to a new trial as the trial court erroneously admitted the conclusory opinion testimony of appellee’s expert attributing gross negligence to appellant. This was a question clearly for the jury, not for an expert’s opinion, as proscribed by Town of Palm Beach v. Palm Beach County, 460 So.2d 879 (Fla.1984).
The Florida Supreme Court has recognized that the danger of admitting this type of expert testimony is that “the jury may forego independent analysis of the facts and bow too readily to the opinion of and (sic) expert.” Angrand, v. Key, 667 So.2d 1146 (Fla.1995). Where the jury was faced with the difficult issue of determining a distinction between negligence and gross negligence, the error of admitting the expert’s opinion on what facts established gross negligence was particularly likely to influence the juries’ decision.
Accordingly, we reverse and remand for a new trial based on the admission of the expert’s testimony.
GLICKSTEIN, STEVENSON and SHAHOOD, JJ., concur.